FILED
KC
JAN 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK HALVERSON,<br><br>        Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, d/b/a<br>TARGET STORES,<br><br>        Defendant. | 08CV132<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE VALDEZ<br><br>**Jury Trial Requested** |

## COMPLAINT

NOW COMES Plaintiff, MARK HALVERSON, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, TARGET CORPORATION, d/b/a TARGET STORES, states as follows:

### PRELIMINARY STATEMENT

1.  This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3.  Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.  Plaintiff, MARK HALVERSON, is a forty-five (45) year-old male citizen of the United States who resides in Illinois.

5.  Defendant, TARGET CORPORATION, d/b/a TARGET STORES, is a corporation properly recognized and sanctioned by the laws of the State of Minnesota. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6.  Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 19, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – ADEA - AGE DISCRIMINATION

7.  Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.  Plaintiff began working for Defendant as an Executive Team Leader ("ETL") Logistics in January 2006, after having previously worked with Defendant in the same position from

March 2003 to February 2005.

9. In June 2007, Defendant promoted Plaintiff to the position of Executive Team Leader Operations, a position which exists only at high risk stores and is considered to be the final step before proceeding to a Store Team Leader position. Although Defendant assigned Plaintiff the position of Executive Team Leader Operations, Plaintiff continued to assume the position and duties of Executive Team Leader Logistics.

10. Throughout the entirety of his employment with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's high review scores, selection as a District Trainer, assignment of Annual Inventory Captain duties, promotion to Executive Team Leader Operations, and his receipt of numerous recognitions for his performance including, but not limited to, top performer awards at Melrose Park Store #837.

11. Beginning in January 2006 and continuing to the termination of his employment, Defendant has assigned Plaintiff to Melrose Park Store #837. With the exception of one other individual, Plaintiff's similarly situated co-workers at the Melrose Park store location have been significantly younger employees, including Braulli Benitiez, ETL Hardlines/Groceries, approximately age twenty-four (24); Anela Beslagic, ETL Guest Service, approximately age twenty-three (23); Beth Harvey, ETL Hardlines/Groceries, approximately in her mid-thirties; Melvin Laureano, ETL Human Resources, approximately in his early thirties; Lara Wiezbiki, ETL Softlines/Clothing, approximately age twenty-five (25); and Gary Hemker, ETL Assets Protection, approximately in his early thirties.

12. In addition, Defendant has assigned significantly younger individuals to be Plaintiff's direct supervisors, including Store Team Leaders Louie Weiss and Casey Koslov, approximately

ages thirty-six (36) and thirty-two (32) respectively.

13. Throughout the duration of his employment, Defendant has discriminated against Plaintiff on the basis of his age, forty-five (45), by subjecting Plaintiff to a course of harassing, abusive, and discriminatory conduct. Examples of such conduct follow.

14. Throughout his assignment as the Store Team Leader at the Melrose Park location and Plaintiff's direct supervisor, Store Team Leader Weiss created a hostile work environment for Plaintiff by making numerous disparaging remarks or references to Plaintiff's age, including but not limited to:

    a. "[Plaintiff] is the only one here old enough to remember when that movie came out";

    b. "I'm not in my forties yet, unlike some people in this room"; and

    c. "[Plaintiff] went to high school in the 1970's".

15. In response to Store Team Leader Weiss' continued disparaging remarks and references to Plaintiff's age, Plaintiff reported the conduct to ETL Human Resources Melvin Laureano. On information and belief, neither Defendant nor Laureano took any substantive action in response to Plaintiff's complaints.

16. Beginning with his employment in 2006, Defendant has treated similarly situated younger ETL's more favorably than Plaintiff by assigning Plaintiff significantly more responsibility and holding Plaintiff to a higher standard of performance and conduct. Examples of such disparate work conditions are detailed below.

17. At Defendant's Melrose Park store location, all of the ETL's are considered to be peers of each other and are expected to have commensurate responsibilities and duties. However, in contrast to his similarly situated younger co-workers, Defendant has frequently assigned Plaintiff

substantially more responsibilities and required him to work longer hours on special projects, such as inventory captain duties.

18.     Defendant has further held Plaintiff to a higher level of conduct than his similarly situated younger co-workers.

19.     On October 15, 2007, after having been spoken to in a hostile and aggressive manner by ETL Anela Beslagic, approximately age twenty-three (23), Plaintiff placed a complaint to Store Team Leader Koslov and ETL Human Resources Laureano and requested that a meeting be arranged to discuss the incident. In response, Koslov indicated that he would arrange a meeting to discuss the incident and her behavior. Despite his representations, Koslov never arranged a meeting between Plaintiff, Koslov, and Beslagic.

20.     As no action was taken in response to his complaints, later that same day, Plaintiff met with Store Team Leader Koslov and ETL Human Resources Laureano to discuss the incident in further detail. During the meeting, Plaintiff reported his concerns that, in addition to the hostile manner in which ETL Beslagic spoke to him that morning, Beslagic had a tendency to be harsh and unprofessional in her interactions with other team members and ETL's.

21.     Rather than address Plaintiff's complaints or concerns regarding ETL Beslagic, the next day, on October 16, 2007, while Plaintiff was taking a scheduled day-off, Store Team Leader Koslov called Plaintiff to inform him that he was being placed on suspension pending an investigation. Koslov refused to provide any further information regarding the suspension and investigation, other than that ETL Beslagic also was instructed to remain off-site pending the investigation.

22.     However, despite Store Team Leader Koslov's representation, in contrast to Plaintiff, Defendant did not suspend the employment of Plaintiff's substantially younger co-worker, ETL

5

Anela Beslagic.

23. After being informed of his suspension from Store Team Leader Koslov, Plaintiff contacted Dusti Glendening, District Human Resources Representative, to inquire as to the reason for his suspension. In response, Glendening told Plaintiff that she could not provide any further details other than Plaintiff had been suspended pending an investigation to be performed by Store Team Leader Koslov.

24. After learning that the investigation was to be performed by Store Team Leader Koslov, Plaintiff expressed concerns to District Human Resources Representative Glendening that Koslov was assigned to lead the investigation, as Koslov had taken no actions in response to Plaintiff's complaints the previous day.

25. Rather than perform a proper or thorough investigation, Defendant instead targeted Plaintiff during an interview on October 22, 2007, where he was asked pointed questions regarding his character that were unrelated to the events of October 15, 2007, including detailed questions of innocuous events, such as when Plaintiff asked an employee a question in a parking lot or when Plaintiff instructed a vendor to follow proper safety regulations.

26. Two days later, on October 24, 2007, despite Plaintiff's excellent performance and record that indicated no other employee ever filed a formal complaint against him, Defendant terminated Plaintiff's employment in a meeting with Store Team Leader Koslov and ETL Human Resources Laureano.

27. In the meeting, Store Team Leader Koslov, in violation of Defendant's practices and policies, refused to provide Plaintiff with a reason for his termination other than for "detrimental behavior to [Defendant]". Similar requests for an explanation of his termination by Plaintiff to Human Resources also went to no avail.

28. In contrast to Plaintiff, Defendant did not terminate the employment of his substantially younger similarly situated co-worker, ETL Beslagic, despite being presented with substantial evidence that Beslagic had engaged in conduct detrimental to Defendant.

29. On information and belief, following the termination of Plaintiff's employment, Defendant assigned Plaintiff's responsibilities to a younger employee.

30. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, forty-five (45).

31. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, forty-five (45), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

32. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARK HALVERSON, prays for judgment against Defendant and respectfully requests that this Court:

    A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

    B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of age;

    C. Order Defendant to make whole MARK HALVERSON by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

7

D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to MARK HALVERSON;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - GENDER DISCRIMINATION

33. Paragraphs one (1) through ten (10) are incorporated by reference as if fully set out herein.

34. Throughout Plaintiff's employment, Defendant has treated similarly situated female ETL's more favorably than Plaintiff by assigning Plaintiff significantly more responsibility and holding Plaintiff to a higher standard of performance and conduct. Examples of such disparate work conditions are detailed below.

35. At Defendant's Melrose Park store location, all of the ETL's are considered to be peers of each other and are expected to have commensurate responsibilities and duties. However, in contrast to his similarly situated female co-workers, including, but not limited to, Helen Puryear, ETL Logistics/Replenishment, Defendant has frequently assigned Plaintiff substantially more responsibilities and required him to work longer hours on special projects.

36. Beginning in the summer 2007, Defendant required Plaintiff to assist a female ETL, Helen Puryear, in completing her job duties and responsibilities in managing the Logistics/Replenishment department, despite Puryear's approximately seven (7) years experience in that position.

37. Such assistance to ETL Puryear included, but is not limited to:

8

a. Requiring Plaintiff to operate an early morning replenishment process for ETL Puryear, necessitating that Plaintiff arrive at the Melrose Park location several hours earlier than his scheduled start time of 7:00 A.M.;

b. Assigning Plaintiff the task of instructing ETL Puryear on basic computer and system skills required of any ETL;

c. Requesting that Plaintiff re-write performance evaluations and reviews authored by ETL Puryear, as they contained numerous spelling and grammatical errors; and

d. Requiring that Plaintiff cover for ETL Puryear when she was absent on her shifts, necessitating that Plaintiff complete an additional set of duties in addition to his own responsibilities.

38. Despite ETL Puryear's continued substandard performance in her position as ETL, on information and belief, Defendant took no substantive action to address her deficiencies and continued to hold Plaintiff accountable for her work product by assigning Plaintiff Puryear's responsibilities.

39. Defendant has further held Plaintiff to a higher level of conduct than his similarly situated female co-workers.

40. On October 15, 2007, after having been spoken to in a hostile and aggressive manner by ETL Anela Beslagic, approximately age twenty-three (23), Plaintiff placed a complaint to Store Team Leader Koslov and ETL Human Resources Laureano and requested that a meeting be arranged to discuss the incident. In response, Koslov indicated that he would arrange a meeting to discuss the incident and her behavior. Despite his representations, Koslov never arranged a meeting between Plaintiff, Koslov, and Beslagic.

41. As no action was taken in response to his complaints, later that same day, Plaintiff

9

met with Store Team Leader Koslov and ETL Human Resources Laureano to discuss the incident in further detail. During the meeting, Plaintiff reported his concerns that, in addition to the hostile manner in which ETL Beslagic spoke to him that morning, Beslagic had a tendency to be harsh and unprofessional in her interactions with other team members and ETL's.

42. Rather than address his complaints or concerns of ETL Beslagic, the next day, on October 16, 2007, while Plaintiff was taking a scheduled day-off, Store Team Leader Koslov called Plaintiff to inform him that he was being placed on suspension pending an investigation. Koslov refused to provide any further information regarding the suspension and investigation, other than that ETL Beslagic also was instructed to remain off-site pending the investigation.

43. However, despite Store Team Leader Koslov's representation, in contrast to Plaintiff, Defendant did not suspend the employment of ETL Anela Beslagic.

44. After being informed of his suspension from Store Team Leader Koslov, Plaintiff contacted Dusti Glendening, District Human Resources Representative, to inquire as to the reason for his suspension. In response, Glendening told Plaintiff that she could not provide any further details other than Plaintiff had been suspended pending an investigation to be performed by Store Team Leader Koslov.

45. After learning that the investigation was to be performed by Store Team Leader Koslov, Plaintiff expressed concerns to District Human Resources Representative Glendening that Koslov was assigned to lead the investigation, as Koslov had taken no actions in response to Plaintiff's complaints the previous day.

46. Rather than perform a proper or thorough investigation, Defendant instead targeted Plaintiff during an interview on October 22, 2007, where he was asked pointed questions regarding his character that were unrelated to the events of October 15, 2007.

47.  Two days later, on October 24, 2007, despite Plaintiff's excellent performance and record that indicated no other employee ever filed a formal complaint against him, Defendant terminated Plaintiff's employment in a meeting with Store Team Leader Koslov and ETL Human Resources Laureano.

48.  In the meeting, Store Team Leader Koslov, in violation of Defendant's practices and policies, refused to provide Plaintiff with a reason for his termination other than for "detrimental behavior to [Defendant]". Similar requests by Plaintiff to Human Resources following his termination also went to no avail.

49.  In contrast to Plaintiff, Defendant did not terminate the employment of female employee ETL Beslagic, despite being presented with substantial evidence that Beslagic had engaged in conduct detrimental to Defendant.

50.  Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his gender, male.

51.  The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his gender, male, in violation of provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

52.  As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK HALVERSON, prays for judgment against Defendant and respectfully requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of gender;

C. Order Defendant to make whole MARK HALVERSON by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to MARK HALVERSON;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

53. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
MARK HALVERSON, Plaintiff,

By: _____
Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, MARK HALVERSON, declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2008.

_____
MARK HALVERSON

Case 1:08-cv-00132   Document 1   Filed 01/08/2008   Page 13 of 14

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Mark Halverson
935 S. Third Avenue
Des Plaines, IL 60016

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

**CERTIFIED MAIL 7099 3400 0014 4054 4710**

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-00923 | Jacquelyn C. Gandy, Investigator Support Asst | (312) 886-5976 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_  12/20/2007
John P. Rowe,
District Director
(Date Mailed)

Enclosures(s)

cc:   TARGET STORES

Lisa Kane, Esq.
120 S. LaSalle St., Suite 1420
Chicago, IL 60603