**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARK HALVERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION, d/b/a<br>TARGET STORES,<br><br>    Defendant. | Case No. 08 CV 132<br><br>Judge James B. Zagel<br>Magistrate Judge Maria Valdez |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Target Corporation (hereinafter "Target") responds as follows to the Complaint of Plaintiff Mark Halverson ("Halverson"):

**Allegations Relating to "Preliminary Statement"**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

   **ANSWER:**   Target admits that Halverson purports to bring claims under the ADEA and Title VII, but denies any "discriminatory employment practices" and denies the remaining allegations of Paragraph No. 1 of the Complaint.

**Allegations Relating to "Jurisdictional Statement"**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

   **ANSWER:**   The allegations of Paragraph No. 2 of the Complaint do not state facts and therefore, no response is necessary. However, Target does not contest the

367120.1

jurisdiction of this Court over the subject matter of this dispute, or over the persons of the plaintiff and defendant parties.

### Allegations Relating to "Venue"

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**ANSWER:** The allegations of Paragraph No. 3 of the Complaint do not state facts and therefore, no response is necessary. However, Target does not contest venue placed in this Court.

### Allegations Relating to "Parties"

4. Plaintiff, MARK HALVERSON, is a forty-five (45) year-old male citizen of the United States who resides in Illinois.

**ANSWER:** Target admits that Halverson is the plaintiff and that he is male. Target lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 4 of the Complaint.

5. Defendant, TARGET CORPORATION, d/b/a TARGET STORES, is a corporation properly recognized and sanctioned by the laws of the State of Minnesota. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

**ANSWER:** The allegation that Target is "recognized and sanctioned by the laws of the State of Minnesota" are too vague and ambiguous to place Target sufficiently on notice of what, precisely, Halverson is alleging; therefore, Target lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Target admits that it conducts business in Illinois, and that it is an "employer" as that term is defined by the ADEA and Title VII.

### Allegations Relating to "Procedure"

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 19, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:** Target admits that Halverson filed an EEOC charge against it on or about November 19, 2007, and that he was issued a Notice of Right to Sue upon request before the statutorily required 180 days of EEOC jurisdiction had expired. Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Halverson received the Notice of Right to Sue. Target denies the remaining allegations of Paragraph No. 6 of the Complaint.

### Plaintiff's First Claim for Relief: Alleged Age Discrimination in Violation of the ADEA

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** Target adopts its foregoing responses to ¶¶ 1-6 as its response to this ¶ 7.

8. Plaintiff began working for Defendant as an Executive Team Leader ("ETL") Logistics in January 2006, after having previously worked with Defendant in the same position from March 2003 to February 2005.

**ANSWER:** Target admits that Halverson began working for Target in January 2006, but denies that he did so as an Executive Team Leader Logistics (ETL-L). Responding further, affirmatively, Halverson began his employment with Target in January 2006 as an Executive in Training (EIT). Target denies the remaining allegations of Paragraph No. 8 of the Complaint.

9. In June 2007, Defendant promoted Plaintiff to the position of Executive Team Leader Operations, a position which exists only at high risk stores and is considered to be the final step before proceeding to a Store Team Leader position. Although Defendant assigned

3

Plaintiff the position of Executive Team Leader Operations, Plaintiff continued to assume the position and duties of Executive Team Leader Logistics.

**ANSWER:** Target admits that Halverson was made an Executive Team Leader Operations (ETL-O) on or about June 24, 2007, and admits further that the position of ETL-O exists in stores that Target classifies as "high risk." Target denies the remaining allegations of Paragraph No. 9 of the Complaint.

10.   Throughout the entirety of his employment with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's high review scores, selection as a District Trainer, assignment of Annual Inventory Captain duties, promotion to Executive Team Leader Operations, and his receipt of numerous recognitions for his performance including, but not limited to, top performer awards at Melrose Park Store #837.

**ANSWER:** Target denies the allegations of Paragraph No. 10 of the Complaint.

11.   Beginning in January 2006 and continuing to the termination of his employment, Defendant has assigned Plaintiff to Melrose Park Store #837. With the exception of one other individual, Plaintiff's similarly situated co-workers at the Melrose Park store location have been significantly younger employees, including Braulli Benitiez, ETL Hardlines/Groceries, approximately age twenty-four (24); Anela Beslagic, ETL Guest Service, approximately age twenty-three(23); Beth Harvey, ETL Hardlines/ Groceries, approximately in her mid-thirties; Melvin Laureano, ETL Human Resources, approximately in his early thirties; Lara Wiezbiki, ETL Softlines/Clothing, approximately age twenty-five (25); and Gary Hemker, ETL Assets Protection, approximately in his early thirties.

**ANSWER:** Target admits that Halverson was assigned to work in Target Store T0837, located in Melrose Park, Illinois. Target denies the remaining allegations of Paragraph No. 11 of the Complaint.

12.   In addition, Defendant has assigned significantly younger individuals to be Plaintiff's direct supervisors, including Store Team Leaders Weiss and Casey Koslov, approximately ages thirty-six (36) and thirty-two (32) respectively.

**ANSWER:** Target admits that, at varying times, Halverson was supervised by Store Team Leaders (STL) Ludwig "Louie" Weiss and Kostadin "Casey" Kostov (improperly identified in these allegations as "Casey Koslov").

4

367120.1

>Target admits that Messrs. Weiss and Kostov are approximately ages thirty-six (36) and thirty-two (32) respectively. Target denies the remaining allegations of Paragraph No. 12 of the Complaint.

13. Throughout the duration of his employment, Defendant has discriminated against Plaintiff on the basis of his age, forty-five (45), by subjecting Plaintiff to a course of harassing, abusive, and discriminatory conduct. Examples of such conduct follow.

>**ANSWER:** Target denies Halverson was subjected to discrimination or harassment, and denies the remaining allegations of Paragraph No. 13.

14. Throughout his assignment as the Store Team Leader at the Melrose Park location and Plaintiff's direct supervisor, Store Team Leader Weiss created a hostile work environment for Plaintiff by making numerous disparaging remarks or references to Plaintiff's age, including but not limited to:

>a. "[Plaintiff} is the only one here old enough to remember when that movie came out";
>
>b. "I'm not in my forties yet, unlike some people in this room"; and
>
>c. "[Plaintiff] went to high school in the 1970's".

>**ANSWER:** Target denies Halverson was subjected to a hostile work environment, and denies the remaining allegations of Paragraph No. 14 of the Complaint, including all of its subparts.

15. In response to Store Team Leader Weiss' continued disparaging remarks and references to Plaintiff's age, Plaintiff reported the conduct to ETL Human Resources Melvin Laureano. On information and belief, neither Defendant nor Laureano took any substantive action in response to Plaintiff's complaints.

>**ANSWER:** Target denies that Halverson was subjected to "continued disparaging remarks and references to [his] age" and denies the remaining allegations of Paragraph No. 15 of the Complaint.

16. Beginning with his employment in 2006, Defendant has treated similarly situated younger ETL's more favorably than Plaintiff's by assigning Plaintiff significantly more

responsibility and holding Plaintiff to a higher standard of performance and conduct. Examples of such disparate work conditions are detailed below.

> **ANSWER:** Target admits that it employed Halverson in 2006. Target denies that Halverson has been held to a "higher standard of performance and conduct" than similarly situated others and denies the remaining allegations of Paragraph No. 16 of the Complaint.

17. At Defendant's Melrose Park store location, all of the ETL's are considered to be peers of each other and are expected to have commensurate responsibilities and duties. However, in contrast to his similarly situated younger co-workers, Defendant has frequently assigned Plaintiff substantially more responsibilities and required him to work longer hours on special projects, such as inventory captain duties.

> **ANSWER:** Target admits that Executive Team Leaders typically consider themselves peers of one another. Target denies that all ETLs have "commensurate responsibilities and duties." Target admits that Halverson may have occasionally been required to work long hours or participate in special projects, as the core roles of his position required. Target denies the remaining allegations of Paragraph No. 17 of the Complaint.

18. Defendant has further held Plaintiff to a higher level of conduct than his similarly situated younger co-workers.

> **ANSWER:** Target denies the allegations of Paragraph No. 18 of the Complaint.

19. On October 15, 2007, after having been spoken to in a hostile and aggressive manner by ETL Anela Beslagic, approximately age twenty-three (23), Plaintiff placed a complaint to Store Team Leader Koslov and ETL Human Resources Laureano and requested that a meeting be arranged to discuss the incident. In response, Koslov indicated that he would arrange a meeting to discuss the incident and her behavior. Despite his representations, Koslov never arranged a meeting between Plaintiff, Koslov, and Beslagic.

> **ANSWER:** Target admits that Halverson told Mr. Kostov and Executive Team Leader Human Resources (ETL-HR) Melvin Laureano that Halverson had been involved in an incident with Anela Beslagic, a Target ETL, and that he

6

367120.1

requested a meeting to discuss the incident. Target denies Halverson's mischaracterization of that incident, and denies the remaining allegations of Paragraph 19 of the Complaint.

20. As no action was taken in response to his complaints, later that same day, Plaintiff met with Store Team Leader Koslov and ETL Human Resources Laureano to discuss the incident in further detail. During the meeting, Plaintiff reported his concerns that, in addition to the hostile manner in which ETL Beslagic spoke to him that morning, Beslagic had a tendency to be harsh and unprofessional in her interactions with other team members and ETL's.

**ANSWER:** Target admits (and notes the self-contradiction to Halverson's allegations in Paragraph No. 20) that Mr. Kostov and Mr. Laureano held a meeting with Halverson. Target admits further that Halverson complained that Ms. Beslagic was rude to him. Target denies the remaining allegations of Paragraph No. 20 of the Complaint.

21. Rather than address Plaintiff's complaints or concerns regarding ETL Beslagic, the next day, on October 16, 2007, while Plaintiff was taking a scheduled day-off, Store Team Leader Koslov called Plaintiff to inform him that he was being placed on suspension pending an investigation. Koslov refused to provide any further information regarding the suspension and investigation, other than that ETL Beslagic also was instructed to remain off-site pending the investigation.

**ANSWER:** Target admits that Halverson was suspended, with pay, on October 16, 2007 pending the results of an investigation into Halverson's involvement in an incident with Ms. Beslagic on October 15, 2007. Target admits further, upon information and belief, that October 16, 2007 was a day on which Halverson was not scheduled to work. Target admits also that Mr. Kostov did not provide Halverson with information regarding the specifics of the investigation to take place. Target admits further that Ms. Beslagic remained off-site pending the investigation. Target denies all remaining allegations of Paragraph 21 of the Complaint.

22. However, despite Store Team Leader Koslov's representation, in contrast to Plaintiff, Defendant did not suspend the employment of Plaintiff's substantially younger co-worker, ETL Anela Beslagic.

    **ANSWER:** Target admits that Ms. Beslagic was not suspended but responds further, affirmatively, that Ms. Beslagic remained off-site during the investigation. Target denies the remaining allegations of Paragraph No. 22 of the Complaint.

23. After being informed of his suspension from Store Team Leader Koslov, Plaintiff contacted Dusti Glendening, District Human Representative, to inquire as to the reason for his suspension. In response, Glendening told Plaintiff that she could not provide any further details other than Plaintiff had been suspended pending an investigation to be performed by Store Team Leader Koslov.

    **ANSWER:** Target admits that Mr. Kostov informed Halverson that he was being placed on suspension, with pay. Target also admits that Halverson telephoned Dusti Glendening, Senior Human Resources Representative (Sr. HRR), to discuss his suspension. Target admits further that Ms. Glendening could not provide Halverson with specific details about the investigation to be performed. Target denies all remaining allegations of Paragraph No. 23 of the Complaint.

24. After learning that the investigation was to be performed by Store Team Leader Koslov, Plaintiff expressed concerns to District Human Resources Representative Glendening that Koslov was assigned to lead the investigation, as Koslov had taken no actions in response to Plaintiff's complaints the previous day.

    **ANSWER:** Target denies that Mr. Kostov was assigned to lead the investigation into Halverson's involvement in an incident with Ms. Beslagic on October 15, 2007, and denies any implication that Halverson was told Mr. Kostov would do so. Target admits that Halverson "expressed concern" that Mr.

Kostov would have any involvement in the investigation. Target denies all remaining allegations of Paragraph No. 24 of the Complaint.

25. Rather than perform a proper or thorough investigation, Defendant instead targeted Plaintiff during an interview on October 22, 2007, where he was asked pointed questions regarding his character that were unrelated to the events of October 15, 2007, including detailed questions of innocuous events, such as when Plaintiff asked an employee a question in a parking lot or when Plaintiff instructed a vendor to follow proper safety regulations.

    **ANSWER:** Target admits that Halverson was interviewed on or about October 22, 2007 in the course of an investigation into his conduct including, without limitation, his involvement in an incident with Ms. Beslagic on October 15, 2007. Target denies the remaining allegations of Paragraph No. 25 of the Complaint.

26. Two days later, on October 24, 2007, despite Plaintiff's excellent performance and record that indicated no other employee ever filed a formal complaint against him, Defendant terminated Plaintiff's employment in writing with Store Team Leader Koslov and ETL Human Resources Laureano.

    **ANSWER:** Target admits that Halverson's employment was terminated on or about October 24, 2007. Target denies the remaining allegations of Paragraph No. 26 of the Complaint.

27. In the meeting, Store Team Leader Koslov, in violation of Defendant's practices and policies, refused to provide Plaintiff with a reason for his termination other than for "detrimental behavior to [Defendant]". Similar requests for an explanation of his termination by Plaintiff to Human Resources also went to no avail.

    **ANSWER:** Target denies that Mr. Kostov violated any "practices and policies" and denies the remaining allegations of Paragraph No. 27 of the Complaint.

28. In contrast to Plaintiff, Defendant did not terminate the employment of his substantially younger similarly situated co-worker, ETL Beslagic, despite being presented with substantial evidence that Beslagic had engaged in conduct detrimental to Defendant.

**ANSWER:** Target admits that Ms. Beslagic's employment was not terminated. Target denies Ms. Beslagic is "similarly situated" to Halverson and denies the remaining allegations of Paragraph No. 28 of the Complaint.

29. On information and belief, following the termination of Plaintiff's employment, Defendant assigned Plaintiff's responsibilities to a younger employee.

**ANSWER:** Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Halverson's "information and belief." Target denies the remaining allegations of Paragraph No. 29 of the Complaint.

30. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, forty-five (45).

**ANSWER:** Target denies the allegations of Paragraph No. 30 of the Complaint.

31. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of age, forty-five (45), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

**ANSWER:** Target denies the allegations of Paragraph No. 31 of the Complaint.

32. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:** Target denies the allegations of Paragraph No. 32 of the Complaint.

**Plaintiff's Second Claim for Relief: Alleged Gender Discrimination in Violation of Title VII**

33. Paragraphs one (1) through ten (10) are incorporated be reference as if fully set out herein.

**ANSWER:** Target adopts its foregoing responses to ¶¶1-10 as its response to this ¶33.

34. Throughout Plaintiff's employment, Defendant has treated similarly situated female ETL's more favorably than Plaintiff by assigning Plaintiff significantly more responsibility and holding Plaintiff to a higher standard of performance and conduct. Examples of such disparate work conditions are detailed below.

**ANSWER:** Target denies the allegations of Paragraph No. 34.

367120.1

35. At Defendant's Melrose Park store location, all of the ETL's are considered to be peers of each other and are expected to have commensurate responsibilities and duties. However, in contrast to his similarly situated female co-workers, including, but not limited to, Helen Puryear, ETL Logistics/Replenishment, Defendant has frequently assigned Plaintiff substantially more responsibilities and required him to work longer hours on special projects.

>    **ANSWER:** Target admits that Executive Team Leaders at the Melrose Park store and elsewhere typically consider themselves peers of one another. Target denies that all ETLs have, or are expected to have, "commensurate responsibilities and duties." Target denies that the position ETL Logistics/Replenishment is "similarly situated" to Halverson, and specifically denies that Helen Puryear, Executive Team Leader Replenishment (ETL-R) is so "similarly situated." Target admits that Halverson may have occasionally been required to work long hours or participate in special projects, as the core roles of his position required. Target denies the remaining allegations of Paragraph No. 35 of the Complaint.

36. Beginning in the summer 2007, Defendant required Plaintiff to assist a female ETL, Helen Puryear, in completing her job duties and responsibilities in managing the Logistics/Replenishment department, despite Puryear's approximately seven (7) years experience in that position.

>    **ANSWER:** Target admits that Halverson may have occasionally been required to assist ETL-R Helen Puryear in managing the Logistics/Replenishment department, as the core roles of his position required. Target admits that Ms. Puryear has been an ETL-R for approximately seven years. Target denies the remaining allegations of Paragraph No. 36 of the Complaint.

37. Such assistance to ETL Puryear included, but is not limited to:

    a.    Requiring Plaintiff to operate an early morning replenishment process for ETL Puryear, necessitating that Plaintiff arrive at the Melrose Park location several hours earlier than his scheduled start time of 7:00 a.m.;

    b.    Assigning Plaintiff the task of instructing ETL Puryear on basic computer and system skills required of any ETL;

    c.    Requesting that Plaintiff re-write performance evaluations and reviews authored by ETL Puryear, as they contained numerous spelling and grammatical errors; and

    d.    Requiring that Plaintiff cover for ETL Puryear when she was absent on her shifts, necessitating that Plaintiff complete an additional set of duties in addition to his own responsibilities.

**ANSWER:** [a] Target admits that Halverson may have occasionally been required to operate morning replenishment processes or arrive at work in the early morning, as the core roles of his position required.

[b] Target admits that Halverson may have occasionally been required to assist other ETLs, including without limitation Ms. Puryear, on computer and system skills, as the core roles of his position required.

[c] Target admits that Halverson may have occasionally been required to assist other ETLs, including without limitation Ms. Puryear, in the corrective action process, as the core roles of his position required; Target denies the remaining allegations of subpart [c] of Paragraph 37 of the Complaint.

[d] Target admits that Halverson may have occasionally been required to cover shifts for other ETLs, including without limitation Ms. Puryear, when they were absent, just as other ETLs are occasionally required to cover shifts for Halverson when he is

>absent. Target denies that Halverson was ever required to "complete an additional set of duties in addition to his own responsibilities," and responds further, affirmatively, that responsibility for logistics and replenishment were within the core roles of his position.

38. Despite ETL Puryear's continued substandard performance in her position as ETL, on information and belief, Defendant took no substantive action to address her deficiencies and continued to hold Plaintiff accountable for her work product by assigning Plaintiff Puryear's responsibilities.

**ANSWER:** Target denies the allegations of Paragraph No. 38 of the Complaint.

39. Defendant has further held Plaintiff to a higher level of conduct than his similarly situated female co-workers.

**ANSWER:** Target denies the allegations of Paragraph No. 39 of the Complaint.

40. On October 15, 2007, after having been spoken to in a hostile and aggressive manner by ETL Anela Beslagic, approximately age twenty-three (23), Plaintiff placed a complaint to Store Team Leader Koslov and ETL Human Resources Laureano and requested that a meeting be arranged to discuss the incident. In response, Koslov indicated that he would arrange a meeting to discuss the incident and her behavior. Despite his representations, Koslov never arranged a meeting between Plaintiff, Koslov, and Beslagic.

>**ANSWER:** Target admits that Halverson told Mr. Kostov and Executive Team Leader Human Resources (ETL-HR) Melvin Laureano that Halverson had been involved in an incident with Anela Beslagic, a Target ETL, and that he requested a meeting to discuss the incident. Target denies Halverson's mischaracterization of that incident, and denies the remaining allegations of Paragraph 40 of the Complaint.

41. As no action was taken in response to his complaints, later that same day, Plaintiff met with Store Team Leader Koslov and ETL Human Resources Laureano to discuss the incident in further detail. During the meeting, Plaintiff reported his concerns that, in addition to the hostile manner in which ETL Beslagic spoke to him that morning, Beslagic had a tendency to be harsh and unprofessional in her interactions with other team members and ETL's.

**ANSWER:** Target admits (and notes the self-contradiction to Halverson's allegations in Paragraph No. 41) that Mr. Kostov and Mr. Laureano held a meeting with Halverson. Target admits further that Halverson complained that Ms. Beslagic was rude to him. Target denies the remaining allegations of Paragraph No. 41 of the Complaint.

42. Rather than address his complaints or concerns of ETL Beslagic, the next day, on October 16, 2007, while Plaintiff was taking a scheduled day-off, Store Team Leader Koslov called Plaintiff to inform him that he was being placed on suspension pending an investigation. Koslov refused to provide any further information regarding the suspension and investigation, other than that ETL Beslagic also was instructed to remain off-site pending the investigation.

**ANSWER:** Target admits that Halverson was suspended, with pay, on October 16, 2007 pending the results of an investigation into Halverson's involvement in an incident with Ms. Beslagic on October 15, 2007. Target admits further, upon information and belief, that October 16, 2007 was a day on which Halverson was not scheduled to work. Target admits also that Mr. Kostov did not provide Halverson with information regarding the specifics of the investigation to take place. Target admits further that Ms. Beslagic remained off-site pending the investigation. Target denies all remaining allegations of Paragraph 42 of the Complaint.

43. However, despite Store Team Leader Koslov's representation, in contrast to Plaintiff, Defendant did not suspend the employment of ETL Anela Beslagic.

**ANSWER:** Target admits that Ms. Beslagic was not suspended, but responds further, affirmatively, that she remained off-site during the investigation. Target denies the remaining allegations of Paragraph No. 43 of the Complaint.

44. After being informed of his suspension from Store Team Leader Koslov, Plaintiff contacted Dusti Glendening, District Human Resources Representative, to inquire as to the reason for his suspension. In response, Glendening told Plaintiff that she could not provide any

further details other than Plaintiff had been suspended pending an investigation to be performed by Store Team Leader Koslov.

    **ANSWER:** Target admits that Mr. Kostov informed Halverson that he was being placed on suspension, with pay. Target also admits that Halverson telephoned Dusti Glendening, Senior Human Resources Representative (Sr. HRR), to discuss his suspension. Target admits further that Ms. Glendening could not provide Halverson with specific details about the investigation to be performed. Target denies all remaining allegations of Paragraph No. 44 of the Complaint.

    45. After learning that the investigation was to be performed by Store Team Leader Koslov, Plaintiff expressed concerns to District Human Resources Representative Glendening that Koslov was assigned to lead the investigation, as Koslov had taken no actions in response to Plaintiff's complaints the previous day.

    **ANSWER:** Target denies that Mr. Kostov was assigned to lead the investigation into Halverson's involvement in an incident with Ms. Beslagic on October 15, 2007, and denies any implication that Halverson was told Mr. Kostov would do so. Target admits that Halverson "expressed concern" that Mr. Kostov would have any involvement in the investigation. Target denies all remaining allegations of Paragraph No. 45 of the Complaint.

    46. Rather than perform a proper or thorough investigation, Defendant instead targeted Plaintiff during an interview on October 22, 2007, where he was asked pointed questions regarding his character that were unrelated to the events of October 15, 2007.

    **ANSWER:** Target admits that Halverson was interviewed on or about October 22, 2007 in the course of an investigation into his conduct. Target denies the remaining allegations of Paragraph No. 46 of the Complaint.

    47. Two days later, on October 24, 2007, despite Plaintiff's excellent performance and record that indicated no other employee ever filed a formal complaint against him,

Defendant terminated Plaintiff's employment in a meeting with Store Team Leader Koslov and ETL Human Resources Laureano.

> **ANSWER:** Target admits that Halverson's employment was terminated on or about October 24, 2007. Target denies the remaining allegations of Paragraph No. 47 of the Complaint.

48. In the meeting, Store Team Leader Koslov, in violation of Defendant's practices and policies, refused to provide Plaintiff with a reason for his termination other than for "detrimental behavior to [Defendant]". Similar requests by Plaintiff to Human Resources following his termination also went to no avail.

> **ANSWER:** Target denies that Mr. Kostov violated any "practices and policies" and denies the remaining allegations of Paragraph No. 48 of the Complaint.

49. In contrast to Plaintiff, Defendant did not terminate the employment of female employee ETL Beslagic, despite being presented with substantial evidence that Beslagic had engaged in conduct detrimental to Defendant.

> **ANSWER:** Target admits that Ms. Beslagic's employment was not terminated. Target denies the remaining allegations of Paragraph No. 49 of the Complaint.

50. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his gender, male.

> **ANSWER:** Target admits that Halverson is male. Target denies the remaining allegations of Paragraph No. 50 of the Complaint.

51. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his gender, male, in violation of provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

> **ANSWER:** Target admits that Halverson is male. Target denies the remaining allegations of Paragraph No. 51 of the Complaint.

52. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including but not limited to, lost and foregone wages and physical and emotional harm.

> **ANSWER:** Target denies the allegations of Paragraph No. 52 of the Complaint.

367120.1

## **TARGET'S AFFIRMATIVE DEFENSES**

For its affirmative defenses to the Complaint, Target states as follows:

1. Halverson's claims for "emotional harm" (Complaint ¶¶ 32, 55) are preempted by the Illinois Workers Compensation Act.

2. The ADEA imposes liability for intentional age discrimination; it does not impose liability for "reckless acts" (Complaint ¶ 32) and therefore Target cannot be liable to Halverson for any such alleged acts.

3. Title VII imposes liability for, among other things, intentional gender discrimination; it does not impose liability for "reckless acts" (Complaint ¶ 55) and therefore Target cannot be liable to Halverson for any such alleged acts.

4. Halverson has failed to satisfy statutory prerequisites to suit under Title VII of the Civil Rights Act of 1964 because he requested and obtained a notice of right to sue from the Equal Employment Opportunity Commission (EEOC) before the EEOC issued a determination on Halverson's underlying Charge of Discrimination and less than 180 days from the date he originally filed the charge with the EEOC.

5. Target has engaged in good faith efforts to comply with Title VII of the Civil Rights Act of 1964, as amended, and therefore cannot be held liable for punitive damages.

6. Even assuming that Halverson could demonstrate that his age played any part in any decision of which he complaints in the Complaint, Target would have made the same decision even in the absence of any unlawful consideration.

7. Even assuming that Halverson could demonstrative that his gender played any part in any decision of which he complaints in the Complaint, Target would have made the same decision even in the absence of any unlawful consideration.

367120.1

**WHEREFORE**, Defendant Target Corporation requests that the Complaint be dismissed in its entirety; that it be awarded its costs and fees incurred in defending this meritless matter; and that the Court award it such other and further relief as it deems appropriate.

    Respectfully submitted,

    **TARGET CORPORATION**

    By: s/ Brian D. McCarthy
        Brian D. McCarthy (6237641)

David P. Radelet
Brian D. McCarthy
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois  60606
(312) 986-0300
Fax:  (312) 986-9192

Dated:  January 29, 2008

367120.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby states that on January 29, 2008 he caused a copy of the foregoing **Defendant's Answer and Affirmative Defenses to Complaint** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

> Lisa Kane
> Lisa Kane & Associates, P.C.
> 120 South LaSalle Street
> Suite 1420
> Chicago, IL  60603

> s/ Brian D. McCarthy
>
> Brian D. McCarthy
> Franczek Sullivan P.C.
> 300 South Wacker Drive
> Suite 3400
> Chicago, IL 60606
> bdm@franczek.com

367120.1